Nelson, J.,
delivered the opinion of the court.
The Chancellor erred in allowing the demurrer to the bill. The ground of demurrer is that “said complainant is not entitled to the discovery prayed by his bill against this defendant.” This is not a special demurrer, and does not state the objection relied on, as required in Code, s. 2934, which extends to suits in equity as well as law. See also ss. 4384, 4388; Fowler v. Alexander, 1 Heis., 425; Chesney v. Rodgers, 1 Heis., 241; Kirkman & Kills v. Snodgrass, 3 Head, 372.
The bill, among other things, charges that complainant loaned to McCormick, on the 1st November, *394 1866, $200 in gold, $150 in silver, and $200 in greenbacks or United States currency, and that McCormick agreed to pay back the gold and silver, or pay complainant $1.50 in currency for every dollar in gold, and the difference in value of silver, which was something less than gold. Complainant charges that there is about $l,300r due him if paid in currency. Defendant insisted, by his counsel, that although the demurrer is not special, the court ought, sua sponte, to dismiss the bill or strike the case from the docket, because the bill, upon its face, shows that complainant is seeking to enforce a usurious and, therefore, an illegal contract.
On the assumption that the Chancery Court or this court has the power invoked, which is not decided, this is not a proper case for its exercise. This court can not judicially know the value 'of “greenbacks,” so called, and for aught that appears on the fac^- of the bill, the parties may have fairly estimated the difference in value between them and gold and silver, and the contract is, prima facie, lawful.
Reverse the judgment and remand the cause.